UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY, a Pennsylvania Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC TOWER, LLC, a Washington Limited Liability Company,<br><br>Defendant. | CASE NO. C08-5693BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. 10). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL BACKGROUND**

On November 19, 2008, Plaintiff Mount Vernon Fire Insurance Company filed a complaint seeking declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202, against Defendant Pacific Tower, LLC. Dkt. 1. The parties' dispute arises from an action in the Superior Court of Washington for Pierce County ("Underlying Action"). *Id.* ¶ 1.1.

On April 30, 2009, Plaintiff filed a Motion for Summary Judgment. Dkt. 10. On May 18, 2009, Defendant responded, made a cross-motion for summary judgment, and

ORDER - 1

1 moved for attorney's fees and costs. Dkt. 12. On May 22, 2009, Plaintiff replied. Dkt. 15.

## II. FACTUAL BACKGROUND

### A. The Insurance Policies

Plaintiff and Defendant entered into two, one-year insurance policies. The first insurance policy ("First Policy"), numbered CL2267175, was effective from 12/8/2003 to 12/8/2004. Dkt. 10, Declaration of Daniel Syhre ("Syhre"), Exh. B. Defendant claims that, for this policy, the named insured, Pacific Towers A Condominium, is the plaintiff in the Underlying Action. Dkt. 10 at 1. The second insurance policy ("Second Policy"), numbered CL2267175A, was effective from 12/8/2004 to 12/8/2005. *Id.*, Exh. A. For this policy, the named insured were Defendant and Pacific Tower Condominium Association ("Association"). *Id.* at MV00002.

Both policies classify the risk of insurance as condominium/residential. *See, e.g., id.* Moreover, both policies contain a provision that makes the "real estate manager" a named insured. *See, e.g., id.*, Exh. B at MV000054.

The policies provide coverage for "property damage" caused by an "occurrence" that takes place during the policy periods. *Id.* at MV000058. The policies contain a "Classification Limitation" endorsement which provides as follows:

> Coverage under this contract is specifically limited to those classification codes listed in the policy. No coverage is provided for any classification code or operation performed by the Named Insured not specifically listed in the Declaration of this policy.

*Id.*, Exh. A at MV000038.

The policies also contain "damage to property" exclusions, which preclude coverage for "property damage" to:

> (1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
> (2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

ORDER - 2

*Id.* at MV000015-16.

Finally, the policies contain exclusions for damage to the named insured's work, which preclude coverage for:

> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

*Id.* at MV000016.

## B. The Underlying Action

The complaint in the Underlying Action alleges that Defendant is liable to the Association for "damage to the common elements and limited common elements" of the Pacific Tower Condominium, which is located at 3201 Pacific Avenue, Tacoma, Pierce County, Washington. Shyre Decl, Exh. C ("Underlying Complaint"), ¶¶ 1,3. Defendant claims that the "key allegations for duty to defend purposes are in causes of action five, six, and seven." Dkt. 12 at 2.

The fifth cause of action alleges that Defendant breached its duty to maintain, repair and replace the common elements of the condominium. Underlying Complaint, ¶ 47. The sixth cause of action alleges that Defendant had a duty to maintain the condominium common elements during the time that it controlled the Association, and that this duty arose in Defendant's capacity as declarant, unit owner, real estate manager and board member of the Association. *Id.*, ¶¶ 53-54. The underlying plaintiff alleges that Defendant's breach of the duty to maintain and repair caused the plaintiff and its members to suffer property damage. *Id.* at ¶ 55. Finally, the seventh cause of action alleges that Defendant had a duty to restore, maintain and repair the common elements of the condominium in its capacity as real estate manager, officer/director/board member of the condominium association and/or unit owners in control of the condominium. *Id.*, ¶¶ 57-59. This cause of action also alleges that Defendant's breach of the duty to maintain

1 and repair caused the underlying plaintiff and its members to suffer property damage. *Id.*,
2 ¶ 60.

### III. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec.*

*Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Insurance Policy Interpretation**

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities*, Inc., 518 U.S. 415, 427 (1996). In Washington, interpretation of an insurance contract is a question of law. *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn.2d 165, 110 P.3d 733, 737 (2005). Insurance policies are construed as contracts. *Id*. The policy is considered as a whole and it is given a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Id*. "[I]f the policy language is clear and unambiguous, [the court] must enforce it as written; [the court] may not modify it or create ambiguity where none exists." *Id*. A clause is ambiguous only "when, on its face it is fairly susceptible to two different interpretations, both of which are reasonable." *Id*. If a clause is ambiguous the court may rely on extrinsic evidence of the intent of the parties to resolve the ambiguity. *Id*.

If an ambiguity remains after examination of the extrinsic evidence the ambiguity is resolved against the insurer and in favor of the insured. *Id*. With regard to exclusions, the Washington Supreme Court instructs that "while exclusions should be strictly construed against the drafter, a strict application should not trump the plain, clear language of an exclusion such that a strained or forced construction results." *Id*.

**C.     Plaintiff's Motion**

Plaintiff argues that the Court should grant summary judgment in its favor because the policies in question do not provide a duty to defend Defendant in the Underlying Action. Dkt. 10 at 18.

In Washington, the duty to defend "is broader than the duty to indemnify." *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 52 (2007) (citing *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 64 (2000)).

> The duty to defend arises based on the insured's *potential* for liability and whether allegations in the complaint *could conceivably* impose liability on the insured. An insurer is relieved of its duty to defend only if the claim alleged in the complaint is "clearly not covered by the policy." Moreover, an ambiguous complaint must be construed liberally in favor of triggering the duty to defend.

*Woo*, 161 Wn.2d at 60 (emphasis in original; internal citations omitted).

In this case, Plaintiff first argues that Defendant does not qualify as an insured under the First Policy. Dkt. 10 at 9. Defendant counters that a "property manager" qualifies as "an insured" under the policy (First Policy at MV000064) and that the complaint in the Underlying Action alleges that Defendant was a "property manager." Dkt. 12 at 5. Defendant concludes that the allegations in the Underlying Complaint could conceivably impose liability on Plaintiff under the First Policy. *Id*. For the purposes of the instant motion, the Court agrees and Plaintiff essentially concedes this point in its reply. Dkt. 15 at 2. Therefore, the Court denies Plaintiff's motion for summary judgment on the issue of whether Defendant is an insured under the First Policy. There is no dispute as to whether Defendant is an insured under the Second Policy.

Plaintiff's remaining arguments attack the issue of coverage. In Washington, evaluating coverage is a two-step process: "The insured must first establish that the loss falls within the 'scope of the policy's insured losses.' Then, to avoid responsibility for the loss, the insurer must show that the loss is excluded by specific language in the policy." *Diamaco, Inc. v. Aetna Cas. & Sur.*, 97 Wn. App. 335, 337 (1999).

In this case, Plaintiff advances only one argument that could conceivably relate to the scope of coverage. Plaintiff argues that the "classification limitation endorsement," by itself, precludes coverage. Dkt. 10 at 12. Defendant counters that "the fifth, sixth, and seventh cause of action [in the Underlying Action] clearly involve the residential condominium classification." Dkt. 12 at 7. Plaintiff failed to reply to this argument and

the policies appear to cover the "Condos-Residential" classification. *See* First Policy at MV000051 and Second Policy at MV000002. Therefore, the Court denies Plaintiff's motion for summary judgment on this issue.

Because the Court finds that the allegations in the Underlying Complaint conceivably impose liability on Defendant, the Court will address Plaintiff's arguments regarding the application of policy exclusions. Although Plaintiff argues that numerous exclusions may preclude coverage (*see* Dkt. 10 at 12-18), the Court will address only the "your work" and the "damage to property" exclusions.

### 1. "Your Work" Exclusion

Plaintiff argues that the "Damage to Your Work" exclusions preclude coverage because "The condominium as a whole constituted [Defendant's] work . . . ." Dkt. 10 at 14. Defendant counters that this exclusion does not apply because Defendant was the owner of the condominium project and "all work was performed on the project by others." Dkt. 12 at 9. For the purposes of this motion, Plaintiff concedes this point. Dkt. 15 at 2. Accepting as true the proposition that Defendant was only the owner of the condominium, the Court will address the property damage exclusion.

### 2. "Damage to Property" Exclusion

Exclusion (j) of each policy precludes coverage for property damage to "property [Defendant] own[s] . . ." or "premises [Defendant] sell[s] . . . ." *See* First Policy at MV000061 and Second Policy at MV000015. Plaintiff argues that, if the coverage is not precluded by the "your work" exclusion, then "the entire claim would still be excluded because the [sic] every part of the condominium was either owned by [Defendant] (not yet sold to a unit owner) . . . or sold by [Defendant] . . . ." Dkt. 10 at 17. Defendant counters as follows:

> [Defendant] owns six units and an undivided interest in the common elements, and sold the condominium units and condominium building. Therefore, this exclusion at least *potentially* applies to the extent that damage to these premises is alleged.
> However, the sixth and seventh causes of action allege only that [Defendant's] conduct caused "property damage". ([Underlying] Complaint

ORDER - 7

> at ¶ 55, ¶ 60). This property damage could be to the common elements or premises sold by [Defendant]. *But the allegations also could refer to damage to <u>personal</u> property or other property not owned or sold by* [Defendant]. Because it is "conceivable" that coverage may exist for the property damage alleged in the [Underlying] Complaint, [Plaintiff] has a duty to defend despite the owned property exclusion.

Dkt. 12 at 13 (emphasis added). Defendant, however, fails to cite facts or specific allegations in the Underlying Complaint that would support this strained interpretation of "property damage."

The Underlying Complaint explicitly alleges that the action was brought on "behalf of the Association and owners of units as to their undivided interests in the comon areas and limited common areas . . . ." Dkt. 1, Exh. A, ¶ 2. Moreover, the plaintiff in that action "seeks recovery for damage to the common elements and limited common elements" of the property. *Id*., ¶ 3. Defendant fails to cite any allegation that other tangible property was damaged. Therefore, Plaintiff has shown that there are no allegations in the Underlying Complaint that would impose liability under the policies and Defendant has failed to show that there are questions of material fact on the issues of liability or applicable exclusions.

The Court finds that Plaintiff does not have a duty to defend Defendant in the Underlying Action and grants Plaintiff's motion for summary judgment.

**D.     Defendant's Motions**

In its response, Defendant (1) made a cross-motion for summary judgment (Dkt. 12 at 3-4) and (2) requested its reasonable attorney's fees and costs for responding to this Plaintiff's motion (*Id*. at 14). First, all motions must be filed in accordance with Local Rule CR 7(b) and noted in accordance with Local Rule CR 7(d). Thus, Defendant's cross-motion for summary judgment is not properly before the Court.

Second, Defendant is not entitled to attorney's fees and costs because the Court grants Plaintiff's motion for summary judgment and Plaintiff does not have a duty to defend Defendant. Therefore, the Court denies Defendant's request.

# IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 10) is **GRANTED** and Defendant's request for attorney's fees and costs is **DENIED**.

DATED this 15th day of June, 2009.

BENJAMIN H. SETTLE
United States District Judge