UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC TOWER, LLC, a Washington limited liability company,<br><br>Defendant. | CASE NO. C08-5693BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION, VACATING ORDER, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant's Motion for Reconsideration (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL BACKGROUND**

On November 19, 2008, Plaintiff Mount Vernon Fire Insurance Company filed a complaint seeking declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202, against Defendant Pacific Tower, LLC. Dkt. 1. The parties' dispute arises from an action in the Superior Court of Washington for Pierce County ("Underlying Action"). *Id*. ¶ 1.1.

ORDER - 1

1    On April 30, 2009, Plaintiff filed a Motion for Summary Judgment. Dkt. 10. On May 18, 2009, Defendant responded, made a cross-motion for summary judgment, and moved for attorney's fees and costs. Dkt. 12. On May 22, 2009, Plaintiff replied. Dkt. 15. On June 15, 2009, the Court issued an order granting Plaintiff's motion, refusing to consider Defendant's cross-motion because it was improperly presented, and denying Defendant's motion for attorney's fees and costs. Dkt. 16.

On June 25, 2009, Defendant filed a Motion for Reconsideration of Order on Motion for Summary Judgment. Dkt. 17. On July 7, 2009, the Court requested a response from Plaintiff. Dkt. 18. On July 17, 2009, Plaintiff responded. Dkt. 19. On July 24, 2009, Defendant replied. Dkt. 20.

## II. FACTUAL BACKGROUND

### A. The Insurance Policies

Plaintiff and Defendant entered into two, one-year insurance policies. The first insurance policy ("First Policy"), numbered CL2267175, was effective from 12/8/2003 to 12/8/2004. Dkt. 10, Declaration of Daniel Syhre ("Syhre"), Exh. B. Defendant claims that, for this policy, the named insured, Pacific Towers A Condominium, is the plaintiff in the Underlying Action. Dkt. 10 at 1. The second insurance policy ("Second Policy"), numbered CL2267175A, was effective from 12/8/2004 to 12/8/2005. *Id.*, Exh. A. For this policy, the named insured were Defendant and Pacific Tower Condominium Association ("Association"). *Id.* at MV00002.

Both policies classify the risk of insurance as condominium/residential. *See, e.g., id.* Moreover, both policies contain a provision that makes the "real estate manager" a named insured. *See, e.g., id.*, Exh. B at MV000054.

The policies provide coverage for "property damage" caused by an "occurrence" that takes place during the policy periods. *Id.* at MV000058. The policies contain a "Classification Limitation" endorsement which provides as follows:

> Coverage under this contract is specifically limited to those classification codes listed in the policy. No coverage is provided for any

classification code or operation performed by the Named Insured not
specifically listed in the Declaration of this policy.

*Id.*, Exh. A at MV000038.

The policies also contain "damage to property" exclusions, which preclude coverage for "property damage" to:

> (1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
> (2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises . . . .

*Id.* at MV000015-16.

Finally, the policies contain exclusions for damage to the named insured's work, which preclude coverage for:

> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

*Id.* at MV000016.

## B. The Underlying Action

The complaint in the Underlying Action alleges that Defendant is liable to the Association for "damage to the common elements and limited common elements" of the Pacific Tower Condominium, which is located at 3201 Pacific Avenue, Tacoma, Pierce County, Washington. Shyre Decl, Exh. C ("Underlying Complaint"), ¶¶ 1,3. Defendant claims that the "key allegations for duty to defend purposes are in causes of action five, six, and seven." Dkt. 12 at 2.

The fifth cause of action alleges that Defendant breached its duty to maintain, repair and replace the common elements of the condominium. Underlying Complaint, ¶ 47. The sixth cause of action alleges that Defendant had a duty to maintain the condominium common elements during the time that it controlled the Association, and that this duty arose in Defendant's capacity as declarant, unit owner, real estate manager

and board member of the Association. *Id*., ¶¶ 53-54. The underlying plaintiff alleges that Defendant's breach of the duty to maintain and repair caused the plaintiff and its members to suffer property damage. *Id*. at ¶ 55. Finally, the seventh cause of action alleges that Defendant had a duty to restore, maintain and repair the common elements of the condominium in its capacity as real estate manager, officer/director/board member of the condominium association and/or unit owners in control of the condominium. *Id*., ¶¶ 57-59. This cause of action also alleges that Defendant's breach of the duty to maintain and repair caused the underlying plaintiff and its members to suffer property damage. *Id*., ¶ 60.

## III. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). Defendant argues that the Court committed manifest error in granting Plaintiff's Motion for Summary Judgment. The Court agrees.

In granting Plaintiff's motion, the Court found that Plaintiff did not have a duty to defend Defendant in the Underlying Action because there were no factual allegations in the Underlying Complaint that would impose liability under the Policies. Dkt. 16 at 7-8. On reconsideration, Defendant argues that the term "property damage" in the Underlying Complaint is a factual allegation that potentially encompasses "personal property." Dkt. 17 at 4-10. A fair reading of the Underlying Complaint in its entirety does not clearly inform either Plaintiff or the Pierce County Superior Court that damage to personal property is claimed. In fact, Defendant even concedes this point by asserting that the underlying plaintiff "has not clarified whether . . . it is seeking personal property damages in this case." Dkt. 20 at 6. However, under the broad notice pleading standard, an allegation of "property damage" may encompass a claim for personal property damage. It

ORDER - 4

was manifest error to preclude Defendant from making a showing that the plaintiff in the Underlying Action is in fact asserting a claim for personal property damage. The parties should pursue discovery on the unspecified personal property damages that are conceivably included within the broad, factual allegation of "property damage" without delay.

Under Washington law, if a complaint conceivably imposes liability, then the insurer has a duty to defend the insured. *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 52-54 (2007). In this case, the Underlying Complaint conceivably imposes liability and Plaintiff has a duty to defend Defendant in the Underlying Action.

Therefore, the Court grants Defendant's Motion for Reconsideration, vacates its order granting Plaintiff's Motion for Summary Judgment, and denies Plaintiff's Motion for Summary Judgment because the Underlying Complaint conceivably imposes liability under the Policies.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Reconsideration (Dkt. 17) is **GRANTED**, the Court's Order Granting Summary Judgment (Dkt. 16) is **VACATED**, and Plaintiff's Motion for Summary Judgment (Dkt. 10) is **DENIED**.

DATED this 12th day of August, 2009.

BENJAMIN H. SETTLE
United States District Judge